UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUN VALLEY BRONZE, INC., an Idaho corporation, | Case No. CV 08-345-S-EJL |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| NOBILUS, LLC, a Utah limited liability company, | |
| Defendant. | |

Pending before the Court in the above entitled matter is Defendant NOBILUS, LLC's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure12(b)(6). The parties have filed their responsive briefing and the matter is ripe for the Court's review. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Sun Valley Bronze, Inc. ("SVB"), initiated this declaratory judgment action against Defendant's NOBILUS, LLC ("NOBILUS") seeking a judgment declaring that (1) SVB has not infringed on NOBILUS' patent and/or (2) NOBILUS' patent is invalid. SVB designs and manufactures customizable building and hardware fixtures. Prior to the filing of this action,

NOBILUS sent correspondence to SVB claiming ownership of the '873 Patent ("the Patent"), entitled "Door Handle System," infringement of the Patent by SVB, and directing SVB to cease and desist from further infringements upon the Patent. The filing of this lawsuit followed.

In its motion, NOBILUS seeks to dismiss the second invalidity claim for relief on the ground that SVB has failed to allege any facts to support the claim in violation of Federal Rule of Civil Procedure 12(b)(6). SVB maintains that its complaint meets the pleading requirements and, alternatively, that the Court should grant leave to amend if necessary.

## STANDARD OF LAW

"A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint." Schimsky v. U.S. Office of Personnel Management, 2008 WL 5024916 *2 (S.D. Cal. 2008) (citing Navarro v. Black, 250 F.3d 729, 731 (9th Cir. 2001)). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." Id. (citing Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). The court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. See Clegg

v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). "However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996); see also Twombly, *supra*. There is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.'" Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982)).

## DISCUSSION

I.     Motion to Dismiss

NOBILUS' motion to dismiss the invalidity claim hinges upon its argument that SVB has failed to allege facts in the complaint supporting its claim that the Patent is invalid so as to satisfy Rule 12; mere conclusory allegations are insufficient. SVB maintains its complaint, which includes citations to the applicable statutory code sections, is sufficient. The complaint states:

> SVB contends that some or all of the claims of the '873 Patent are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

(Dkt. No. 1). SVB points to, Pittway Corp. v. Fyrnetics, Inc., 1992 WL 12564602 (N.D. Ill. 1992), where the Illinois court denied the Rule 12(e) motion for a more definite statement, in part, because the complaint named the statutory sections which the court determined was adequate to give notice to the defendant. NOBILUS cites to, PB Farradyne, Inc. v. Peterson, 2006 WL 132182 (N.D. Cal. 2006), where the California court determiend the complaint's allegation of patent infringement citing only to the code sections was insufficient to provide fair notice to the defendant of plaintiff's claims. PB Farradyne, 2006 WL 132182 *3.

In discussing Rule 8's notice pleading requirements, the Supreme Court recently stated that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Twombly, 550 U.S. at n. 3 (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations..., a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citations omitted). Courts cannot "assume that the plaintiff 'can prove facts which it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged.'" Grosz v. Lassen Community Coll. Dist., 572 F.Supp.2d 1199, 1207-08 (E.D. Cal. 2008) (quoting Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters, 459 U.S. 519, 526 (1983)). "Moreover, the court need not assume the truth of legal conclusions cast in the form of factual allegations." Id. (citations and quotations omitted).

"Ultimately, to comply with federal pleading requirements, each plaintiff is required to plead the elements of [his or] her claim." Grosz, 572 F.Supp.2d at 1208 (citing Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000)). "If a complaint seeks individual relief, then each plaintiff's right to relief 'depends upon proof of the operative facts giving rise to an enforceable right in favor of that plaintiff.'" Id. "The court may not dismiss a complaint in which the plaintiff alleged 'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, *supra*).

"However, where a plaintiff has not nudged his or her claims across the line from conceivable to plausible, the complaint properly is dismissed. Id. (citations and marks omitted).

The Complaint here fails to allege any facts supporting its claims. While it is likely true that NOBILUS is aware of SVB's claims given their prelitigation correspondence, that does not absolve SVB from satisfying the pleading requirements in its complaint. Merely citing to the sections of Title 35 that may or may not ultimately deem NOBILUS' Patent valid or invalid fails to allege sufficient facts to state a claim for relief that is plausible on its face. As such, the Court will grant the motion to dismiss the second claim for relief in SVB's complaint.

## II.   Leave to Amend Complaint

SVB alternatively requests leave to amend their complaint in the event the Court finds a deficiency in the pleading. Federal Rule of Civil Procedure 15(a) provides that after responsive pleading has been filed, a party may amend their pleading only by leave of the court or written consent of the adverse party. Such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. Additionally, the district court may consider the factor of undue delay." Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999) (citation omitted). Having reviewed the pleadings and the parties arguments here, the Court cannot say at this time that allowing SVB to amend its complaint would be futile. Nor would such amended complaint unduly prejudice NOBILUS as this litigation is at a very early stage. As such, the Court will grant SVB leave to amend its complaint by filing such amended complaint on or before January 30, 2009.

**ORDER**

Based on the foregoing and being fully advised in the premises, the Court **HEREBY ORDERS** that Defendant's Motion to Dismiss (Docket No. 6) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff is **GRANTED** leave to amend their complaint. Plaintiff shall file such amended complaint on or before **January 30, 2009**. If an amended complaint is filed, Defendant shall have twenty days from the date of the filing of the same in which to file a motion to dismiss, if any, or an answer. If no amended complaint is filed, the Defendant shall have twenty days in which to file an answer to the remaining claim in Plaintiff's complaint. The Order vacating the scheduling deadlines shall remain in effect until such time as any motion to dismiss is resolved or an answer is filed. (Dkt. No. 17).

DATED: **December 12, 2008**

Honorable Edward J. Lodge
U. S. District Judge